

EDNY/BKNY
07-cv-4916
Trager

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 0.23 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." Unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/), the party citing the summary order must file and serve a copy of that summary order together with the paper in which the summary order is cited. If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of February, two thousand seven.

Present:   HON. WILFRED FEINBERG,
           HON. THOMAS J. MESKILL,
           HON. ROBERT A. KATZMANN,
                              Circuit Judges.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
JUN 11 2007
BROOKLYN OFFICE

FILED
FEB 01 2007
Thomas Asreen, Acting Clerk

--------------------------------------------------

LORETTA MCHENRY,

    *Plaintiff-Appellant*,

    - v -    No. 05-4859-cv

ONE BEACON INSURANCE CO., BRUCE A. LAWRENCE, and CGU INSURANCE CO.,

    *Defendants-Appellees*.

--------------------------------------------------

Appearing For Plaintiff-Appellant:    LORETTA MCHENRY, *pro se*, Brooklyn, NY

Appearing For Defendants-Appellees:    ROGER H. BRITON, Jackson Lewis LLP,

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by _____
DEPUTY CLERK

ISSUED AS MANDATE:
6/5/2007

Melville, NY

Appeal from the United States District Court for the Eastern District of New York (Trager, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the district court be and hereby is **AFFIRMED.**

Plaintiff-Appellant *pro se* Loretta McHenry appeals an order of the district court (Trager, J.) dated August 29, 2005 granting defendants' motion for summary judgment. The parties' familiarity with the facts and the procedural history of the case is assumed.

We review the district court's grant of summary judgment *de novo*. *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004). Summary judgment is appropriate only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). We construe the facts in the light most favorable to the non-moving party and resolve all ambiguities and draw all reasonable inferences against the movant. *Williams*, 368 F.3d at 126. Nevertheless, a party opposing summary judgment "must come forward with evidence that would be sufficient to support a jury verdict in his favor." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). "Bald assertions" and "conclusory allegations" of discrimination will not suffice. *Schwapp v. Town of Avon*, 118 F.3d 106, 111 (2d Cir. 1997).

McHenry makes essentially five separate legal claims in this case. She alleges that she was subjected to (1) sex-based discrimination in the form of her termination, (2) a hostile work environment, and (3) retaliation for engaging in protected activity, all in violation of Title VII of

the Civil Rights Act of 1964, 42 U.S.C § 2000e, *et seq*. She brings suit for (4) sex-based wage discrimination under both Title VII and the Equal Pay Act, 29 U.S.C. § 206(d)(1). And finally, she sues for (5) breach of implied contract under state law.[1]

The defendants have advanced legitimate, nondiscriminatory reasons for the termination, disciplinary actions, and wage disparity that form the basis of the bulk of McHenry's discrimination claims. Specifically, they offered evidence showing that McHenry was disciplined and eventually terminated for a history of disruptive behavior. Because McHenry failed to set forth sufficient evidence that would lead a rational factfinder to conclude that this explanation was a pretext for discrimination, summary judgment was appropriate on the Title VII claims of discrimination and retaliation. *See Dawson v. Bumble & Bumble*, 398 F.3d 211, 216 (2d Cir. 2005). The defendants also offered evidence showing that McHenry was paid less than two males in her office because one held a different position than she did and the other had greater experience and was able to successfully negotiate a higher starting salary after turning down an initial offer. With respect to the first male co-worker, McHenry failed to establish a *prima facie* case under the Equal Pay Act, *see Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001) (noting that a plaintiff "must show that the two positions are substantially equal in skill, effort, and responsibility" (internal quotation marks omitted)). Although McHenry did make a *prima facie* showing of substantial similarity with regard to the second male co-worker, she failed to put forth any meaningful evidence to rebut the defendants' evidence that the

---

[1] McHenry also brings the first four claims under various New York state civil rights laws. Claims under these laws are analyzed identically to the federal claims. *See, e.g., Torres v. Pisano*, 116 F.3d 625, 629 n.1 (2d Cir. 1997); *Forrest v. Jewish Guild for the Blind*, 819 N.E.2d 998, 1015 (N.Y. 2004). McHenry does not challenge the district court's focus on federal law, nor does she make any separate argument under state law.

pay differential was based on bona fide factors "other than sex." *See* 29 U.S.C. § 206(d)(1); *Belfi v. Prendergast*, 191 F.3d 129, 136 (2d Cir. 1999). Again, McHenry did not offer sufficient evidence to permit a reasonable factfinder to conclude that the proffered reasons were pretext a for discrimination. Summary judgment was therefore appropriate on the wage discrimination claims under the Equal Pay Act and Title VII. *See id.* (noting that a "plaintiff may counter the employer's affirmative defense by producing evidence that the reasons the defendant seeks to advance are actually a pretext for sex discrimination"); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1312-13 (2d Cir. 1995) (noting that a claim of wage discrimination under Title VII "is generally analyzed under the same standards used in an EPA claim" but also requires "evidence of discriminatory animus"), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

McHenry's other claims also fail. With respect to her hostile work environment claim, she has failed to establish that any hostility directed towards her was on account of her sex. *See Gregory v. Daly*, 243 F.3d 687, 691-92 (2d Cir. 2001) (describing the requirements for a hostile environment claim). With respect to the breach of implied contract claim, McHenry does not identify an "express written policy limiting the [defendants'] right of discharge" sufficient to rebut the presumption that her employment is at will. *See Lobosco v. N.Y. Tel. Co./NYNEX*, 751 N.E.2d 462, 465 (N.Y. 2001); *see also id.* (warning that "[r]outinely issued employee manuals, handbooks and policy statements should not lightly be converted into binding employment agreements"). Moreover, McHenry's employment application, which she signed when hired, contained the following disclaimer: "I understand that no one except the Chief Executive Officer of General Accident has authority to enter into an agreement on the Company's behalf which

would grant employment for a set period of employment or specify any special terms of employment. I further understand my employment is to be on an 'at will' basis." McHenry has presented no evidence that General Accident or its successors ever entered into an agreement with her that would vary its terms. The defendants were entitled to judgment as a matter of law on this claim as well.

Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
THOMAS ASREEN, ACTING CLERK
By: *Lucille Carr*